FILED
SUPERIOR COURT
OF GUAM

2019 JUN 24 PM 3: 12

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0640-18 |
| vs. | **DECISION AND ORDER** |
| BRANDON MICHAEL ACOSTA, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 28, 2019, for hearing on Defendant Brandon Michael Acosta's ("Defendant") Motion to Dismiss Special Allegation of the Use of a Deadly Weapon for Charges One and Two, and on May 15, 2019, for hearing on Defendant's Motion to Dismiss the Special Allegations of Felony While on Felony [Release] or [Bifurcate] the Charge. Defendant was present with counsel, William B. Pole, and Assistant Attorney General Jeremiah B. Luther was present on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On October 29, 2018, Defendant was indicted with the following charges: (1) Aggravated Murder (As a First Degree Felony); (2) Murder (As a First Degree Felony); and (3) Home Invasion (As a First Degree Felony). (Indictment, Oct. 29, 2018). Each felony charge also has an attached Special Allegation: Possession or Use of a Deadly Weapon in the

Commission of a Felony, and Notice: Commission of a Felony While on Felony Release. *Id.* These charges stem from allegations that Defendant caused the death of Timicca Nauta in her home on or about June 16, 2018 during the commission of a burglary. (Decl. of Jeremy S. Kemper, Magistrate's Compl., Oct. 20, 2018). Prior to the Grand Jury indicting Defendant in the instant matter, Defendant faced criminal charges in Superior Court of Guam Criminal Case No. CF0015-18. In that matter, Defendant was charged with Family Violence (As a Third Degree Felony), and was released with conditions on January 9, 2018. *See* Order of Conditional Release and Appearance Bond, Jan. 9, 2018; Indictment, Jan. 29, 2018. On June 18, 2018, Defendant entered into a plea of guilty to the offense of Family Violence (As a Misdemeanor). The Notice: Commission of a Felony While on Felony Release references Defendant's pre-trial felony release status in CF0015-18 at the time of the alleged offenses in the instant matter.

On February 19, 2019, Defendant filed a Motion to Dismiss the Special Allegation of the Use of a Deadly Weapon for Charges One and Two ("First Motion to Dismiss"). On March 27, 2019, the Government filed its Opposition to the First Motion to Dismiss, and on March 27, 2019, Defendant filed his Reply. On March 28, 2019 at the scheduled Motion Hearing, the parties rested on their briefs, and the Court placed the matter under advisement.

On April 4, 2019, Defendant filed a Motion to Dismiss the Special Allegations of Felony on Felony [Release] or [Bifurcate] the Charge ("Second Motion to Dismiss"). On April 17, 2019, the Government filed its Opposition to the Second Motion to Dismiss. No Reply was filed. On May 16, 2019, the Court heard oral arguments on the Second Motion to Dismiss and subsequently placed the matter under advisement.

## DISCUSSION

**I. Motion to Dismiss Special Allegation of the Use of a Deadly Weapon in the Commission of a Felony**

In his First Motion to Dismiss, Defendant moves the Court to dismiss the Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony attached to the First and Second Charge. Defendant argues that the Special Allegation attached to these two charges should be dismissed because neither charge "support[s] that the Defendant has the

specific intent to use a weapon in a deadly manner." *See* First Mot. Dismiss at 1, Feb. 19, 2019. The Government opposes, arguing that Defendant "wrongfully equates the specific intent *mens rea* applicable" to the sentence enhancement with the recklessness *mens rea* applicable to the root charges, and that it is within the Grand Jury's purview to determine whether probable cause existed based on evidence presented to it to indict Defendant with the sentencing enhancements. *See* Opp'n, Mar. 27, 2019.

The Special Allegation attached to the First Charge alleges that:

> On or about June 16, 2018, in Guam, BRANDON MICHAEL ACOSTA did unlawfully possess or use a deadly weapon, that is *a blade*, in the commission of a felony, that is, *Aggravated Murder*, in violation of 9 GCA § 80.37.

(Indictment, Oct. 29, 2018). The Special Allegation attached to the Second Charge similarly alleges that:

> On or about June 16, 2018, in Guam, BRANDON MICHAEL ACOSTA did unlawfully possess or use a deadly weapon, that is a *blade*, in the commission of a felony, that is, *Murder*, in violation of 9 GCA § 80.37.

*Id.* The First Charge of Aggravated Murder alleges that Defendant, with criminal negligence, caused the death of Timicca Nauta during the commission of or attempt to commit the felony of burglary. *Id.* The Second Charge of Murder alleges that Defendant caused the death of Timicca Nauta under circumstances manifesting extreme indifference to the value of human life. *Id.*

Defendant argues that the Government cannot show that Defendant knew that a weapon was being used in a deadly fashion in relation to the first two charges in the Indictment because those charges require a negligent intent or recklessness *mens rea*. (First Mot. Dismiss at 2-4). Defendant supports this argument by first stating that the Government must show a culpable mental state for a deadly weapon to be found[; that is,] what weapon was used, how it was used, and that it was used in a manner that the Defendant had knowledge that it was capable of causing serious bodily injury or death." *Id.* at 3. The Government does not dispute that the trial jury must find that a "blade was used in the commission of this crime and that the Defendant had knowledge of its deadly nature." (Opp'n at 3). Deadly weapon is defined under Guam law as "any firearm, or other weapon, device, instrument, material or substance, whether animate or

inanimate, *which in the manner it is used or is intended to be used is known to the defendant to be capable of producing death or serious bodily injury.*" 9 G.C.A. § 16.10(d) (emphasis added).

Defendant next states that a person "cannot intend to use a deadly weapon in a negligent or reckless manner, and therefore there is a missing element to the crime, by law." (First Mot. Dismiss at 4). Defendant appears to ultimately be arguing that one's actions cannot be both negligent or reckless and intentional at the same time. The Government notes that Defendant is not alleged to have used a deadly weapon in a reckless manner per se, only that he intentionally used a deadly weapon one, "during the commission of the crime of burglary and that a causally linked death resulted from that crime" and two, that he "intentionally used a deadly weapon and that the deadly weapon was used during the commission of other acts, recklessly committed, the culmination of which constitute circumstances manifesting extreme indifference to the value of human life, and resulted in the unlawful death of the victim." (Opp'n at 3).

The Court does not find that a defendant's actions cannot be both negligent or reckless, and intentional at the same time. As the Government points out, an example of "reckless indifference to the value of human life" is "that of a person pointing a loaded gun into a crowd and pulling the trigger." (Opp'n at 3). In that example, it is possible that the individual holding the loaded gun understands that the gun is capable of producing death or serious bodily injury, thus a deadly weapon, and intentionally uses the gun to commit a reckless act. Therefore, the Court will not dismiss the Special Allegations of Possession or Use of a Deadly Weapon in the Commission of a Felony attached to the First and Second Charges of the Indictment.

Defendant also moves for the special allegations to be bifurcated from trial on the felony offenses, in the alternative to the special allegations being dismissed. *See* Reply, Mar. 27, 2019. Defendant argues that there is no purpose for the special allegations attached to the Aggravated Murder and Murder charges other than to prejudice Defendant, and that "the Court should bifurcate the special allegations and reserve on whether the charges will be presented to the Jury until after the close of trial." *Id.* at 1-2. It is not clear to the Court how bifurcating the special allegations of possession or use of a deadly weapon would eliminate further prejudice to Defendant, or how they present Defendant as "habitually criminal." Evidence of a deadly

*People v. Acosta*
Case No. CF0640-18
Decision and Order

weapon, a blade, will likely be presented during the Government's case in chief regardless of whether or not the Special Allegation of Possession or Use of a Deadly Weapon is sent to the jury. Further the Third Charge of Home Invasion (As a First Degree Felony) also includes the Special Allegation of Possession or Use of a Deadly Weapon, and Defendant has not moved for that attached special allegation to be bifurcated. Accordingly, the Court will not bifurcate the Special Allegations of Possession or Use of a Deadly Weapon attached to the First and Second Charges, and denies Defendant's First Motion to Dismiss.

**II. Motion to Dismiss Special Allegations of Felony While on Felony Release or Bifurcate the Charge**

In his Second Motion to Dismiss, Defendant moves the Court to dismiss the Notice: Commission of a Felony While on Felony Release attached to each felony charge.[1] Defendant argues that the Notice should be dismissed because one, there is "no rationale between the sentencing enhancement statute and the enhancement in this case" as it deals with recidivism and two, it should be considered *de minimis* because Defendant plead down to a misdemeanor in the prior felony case before the instant felony case was charged out. *See generally*, Second Mot. Dismiss, Apr. 4, 2019.

The Government opposes, arguing that Guam law does not "require that an individual actually be convicted of the underlying felony for which they are on release in order to be legally liable for violating the conditions of release by committing another felony" and that while Defendant may have plead to a misdemeanor offense in CF0015-18 two days after the alleged offenses occurred in the instant matter, that does not mean he can "avoid the clear and unambiguous consequences set forth in 9 GCA § 80.37.1." *See* Opp'n, Apr. 17, 2019.

Title 9 G.C.A. section 80.37.1 provides in relevant part that:

> Whoever commits a felony punishable under the laws of Guam while on release on a felony charge pursuant to Chapter 40 (Criminal Procedure) of Title 8, Guam Code Annotated, shall, in addition to the sentence imposed for the crime

---

[1] The Court notes that while Defendant's pleadings refer to the Felony While on Felony Release sentencing enhancement as a Special Allegation, it is referenced as a Notice in the Indictment. *See* Indictment, Oct. 29, 2018.

committed while on release, be imprisoned for a term of not less than five (5) years nor more than twenty-five (25) years.

9 G.C.A. § 80.37.1(a). This section is similar to the federal "felony on felony release" statute, 18 U.S.C. § 3147, with the exception that section 3147 permits sentencing enhancements for release on *any* offense, not only felony offenses. Title 18 U.S.C. section 3147 provides:

> A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense, to –
>
> (1) a term of imprisonment of not more than ten years if the offense is a felony; or
> (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
>
> A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C. § 3147.

Courts looking at this statute and similar ones have held that a defendant does not need to be actually convicted of the underlying felony for which he or she is on pre-trial release in order to be subject to a sentencing enhancement for violating said conditions of release by committing another felony. Section 3147 "simply mandates an enhanced sentence for someone who commits an offense while released on bail. There is nothing exceptional about the statute, nor is it vague or ambiguous. The language is plain and the meaning is clear." *United States v. Patterson*, 820 F.2d 1524, 1526 (9th Cir. 1987). "Indeed, a defendant who commits a felony offense while released on bond with respect to a pending federal offense is subject to a mandatory minimum enhancement . . . and this enhancement applies even if the defendant is acquitted of the initial offense for which he had been placed on bond." *United States v. Jones*, 2011 WL 5075672 at *7 (E.D. Mich. May 9, 2011). Section 3147 "is concerned solely with whether a person released on bail in connection with a federal criminal charge takes action in violation of federal law while on pretrial release. By its terms, the statute regulates the conduct of individuals deemed fit for pretrial release during their time under judicial supervision. In this instance, the defendant was indicted for conduct committed while under such supervision; accordingly, whether he ultimately was acquitted of the charge giving rise to the initial provision of bail is irrelevant." *United States v. Davis*, 114 F.3d 400 (2d Cir. 1997).

Accordingly, the Court does not find that the sentencing enhancement punishes a defendant "to be a repeat offender while on bail" as argued by Defendant, *see* Second Mot. Dismiss at 3, and will not dismiss the felony while on felony release notice on that ground.

Defendant also argues that the felony on felony release sentencing enhancement should be dismissed as *de minimis* because "the Legislature did not intend that a Defendant should be subject to extra punishment if the Defendant has not committed a first and second felony. If the Defendant is not found guilty of the first offense there can be no second offense and vice versa." (Second Mot. Dismiss at 4). Title 9 G.C.A. section 7.67, Appropriateness of Prosecution, provides that:

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
>
> (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
>
> (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 G.C.A. § 7.67. Defendant argues that the Legislature could not have envisioned the procedural steps that occurred in this matter when it passed 9 G.C.A. § 80.37.1(a). (Second Mot. Dismiss at 4). Defendant argues that the Felony While on Felony Release Notice should be considered *de minimis* because Defendant is charged here with acts allegedly occurring on June 16, 2018, only two days prior to the Court accepting Defendant's guilty plea to a misdemeanor offense. *Id.*

The Court does not find that the sequence of events occurring in the instant matter and Defendant's other felony case equate to a set of facts requiring dismissal under Guam's *de*

---

*minimis* statute. It is undisputed that Defendant was still technically in pre-trial status on the date of the alleged offenses charged in the instant matter; therefore the Court finds that he was in a special status with regard to the criminal law. A defendant on pretrial release in an unrelated felony case

> has not simply been accused of another crime, he has been formally arrested, appeared before a magistrate, and had the conditions of his release pending trial for this crime formally determined. Whether or not one in this position is in fact guilty, it is expected that he would, while the question of his guilt is pending, be particularly cautious to avoid commission of another criminal offense. . . . One demonstrates disdain for the law by committing an offense while on release pending trial of an earlier charge.

*State v. Webb*, 308 S.E.2d 252, 559 (N.C. 1983) (internal citation omitted). Therefore, "the enhanced penalty is imposed not for the release status as such, but rather for committing the second offense while on release. It is the commission of the second crime that is being punished." *Speight v. United States*, 569 A.2d 124, 126 (D.C. 1989). Accordingly, the Court does not find the Notice: Commission of a Felony While on Felony Release to be *de minimis* in this matter, and will not dismiss the notices attached to each felony. The Court will, however, bifurcate the Felony on Felony Release allegations from the felony offenses of Aggravated Murder, Murder, and Home Invasion charged in this matter at jury trial. *See People v. Muritok*, 2003 Guam 21 ¶ 47 n.8 (adopting Supreme Court Justice Thomas's approach in *Apprendi v. New Jersey*, 530 U.S. 466, 521 n.10 (2000) (Thomas, J., concurring), advocating the bifurcation of trials to keep juries from learning of aggravating facts until after a conviction on the underlying offense). Should a jury find Defendant guilty of any of the felony offenses charged in the Indictment filed herein, then the Government may present evidence to prove the attached Notice: Commission of a Felony While on Felony Release.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss Special Allegation of the Use of a Deadly Weapon in the Commission of a Felony and GRANTS IN PART Defendant's Motion to Dismiss Special Allegations of Felony While on

*People v. Acosta*
Case No. CF0640-18
Decision and Order

Felony Release. The Court will not dismiss the Special Allegations of Felony While on Felony Release, but will bifurcate them from trial on Defendant's other charged offenses.

IT IS SO ORDERED this 24ᵗʰ day of June, 2019.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

AG
PDSC

Date 6/24/19 Time: 3:15 pm

Deputy Clerk, Superior Court of Guam

*People v. Acosta*
Case No. CF0640-18
Decision and Order